### GROSJEAN, Supervisor of Public Accounts, v. CHALMETTE PETROLEUM CORPORATION.

### No. 17021.

Court of Appeal of Louisiana. Orleans.

June 16, 1938.

Gaston ·L. Porterie, Atty. Gen., Justin C. Daspit, Fred A. Blanche, and E. L. Richardson, Sp. Assts. to Atty. Gen., and Maurice B. Gatlin, of New Orleans, for appellant.

Monroe & Lemann and Nicholas Callan, all of New Orleans, for appellee.

McCALEB, Judge.

The Supervisor of Public Accounts has appealed from a judgment dismissing her rule against the Chalmette Petroleum Corporation wherein she sought to have certain pretoleum products belonging to it, contained in tank car SERX 573, declared to be kerosene and subject to the tax imposed by Act No. 228 of 1926, as amended by Act No. 15 of 1932.

The sole question in the case is whether the tank car contained a product having a specific gravity of 34.2 degrees, as found by the State chemist, or whether it had a specific gravity of 32.2 degrees, as testified by Mr. McCurnin, the defendant's expert.

This is the second time we have had this matter under consideration. On first hearing, in reversing the judgment of the district court in favor of the defendant, we found that the procedure followed by Bowman, an employee of the Supervisor, in obtaining the sample of the tank car which was analyzed by chemists of the State, was the customary way of doing it and that the

sample represented a fairly accurate specimen of the contents of the car. We, nevertheless, remanded the matter to the district court because there was no showing by either the Supervisor or the Defendant that the methods used by the experts, in making the chemical analyses of the product, were in accordance with the standards adopted by the United States Department of Commerce as required by the provisions of Act No. 15 of 1932. See 178 So. 516 for a full discussion of the issues involved.

When the case was reset for further hearing in accordance with our decision, the Supervisor tendered full and ample proof of the fact that Mr. Mechlin, the State chemist, followed the procedure prescribed by the United States Department of Commerce.

The defendant likewise offered evidence of the fact that the analysis made by its chemist was in conformity with the required standard but it did not, nor does it now, contest the fact that the procedure adopted by the Supervisor is correct. On the other hand, it asserts that the fluid examined by Mr. Mechlin is not in truth a sample of the oil which was taken from its tank car and submits that this fact is obvious from the vast difference in the gravity content found by the opposing experts. It further declares that it is evident that a mistake has been made in this case because it does not manufacture the type of petroleum contained in the sample produced by the Supervisor, from which her analysis was made.

The district judge apparently agreed with this contention in deciding the matter in defendant's favor. This question, however, was foreclosed to the defendant, in so far as this Court is concerned, by our original decree on the first appeal. There, we found as a fact that the sample of the oil examined by the State was taken from the defendant's car and we remanded the case solely for the purpose of determining whether the procedure followed by the respective chemists in making the tests was in accordance with the methods adopted by the United States Department of Commerce.

Since it is not disputed that the analysis of the State chemist was made in conformity with law, it follows that the petroleum contained in defendant's tank car was taxable kerosene within the meaning of Act No. 15 of 1932.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that there now be judgment in favor of the Supervisor of Public Accounts for the State of Louisiana and against the Chalmette Petroleum Corporation in the full sum of $136.14, together with all costs of this proceeding.

It is further ordered, adjudged and decreed that, in default of the payment of this amount, the defendant in rule, Chalmette Petroleum Corporation, be and it is hereby ordered to cease from further pursuit of its business as a dealer in kerosene.

Reversed.

JANVIER, J., absent.